UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61669-CIV-MARRA/JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM L. DORNBROCK, *et al.*,

    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court on Defendant Intelec's Motion to Determine Amount of Supersedeas Bond (DE 69), filed October 3, 2008. The United States has responded, and Defendant Intelec filed its reply. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

After a trial, the Court entered judgment in favor of Plaintiff United States ("United States") on January 17, 2008, ordering foreclosure of a condominium unit and application of the proceeds to Defendant Dornbrock's tax debt. (DE 47). The Court entered an Order of Sale (DE 67) on August 13, 2008, which Defendant Intelec, Inc. ("Intelec"), appealed. (DE 70).

Intelec now moves the Court for the determination of the amount of a supersedeas bond Intelec is required to post for a stay.[1] Defendant proposes that it will pay all the fees, taxes,

---

[1] Intelec previously moved the Court to stay execution of the judgment without posting a supersedeas bond pursuant to Fed. R. Civ. P. 62. The Court denied the motion on May 28, 2008 on the ground that "Defendants have not provided any objective reasoning why the Court should waive the requirement of posting a supersedeas bond." (DE 63).

1

insurance and utilities for the condominium and will post a $50,000.00 cash "performance bond," conditioned on Intelec's performance of the foregoing terms. (Mot. 4). The United States responds that a bond of 110% of the current value of the condominium is appropriate under the law. (Resp. 3). The United States maintains that, should a bond of $720,808 be posted, it would agree that such a bond is adequate under Federal Rule of Civil Procedure 62 and the Local Rules of the Court. (Resp. 4).

If the judgment debtor posts a supersedeas bond, the judgment debtor may obtain the stay of execution of the judgment as a matter of right. <u>Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n</u>, 636 F.2d 755, 757-58 (D.C. Cir. 1980). Federal Rule of Civil Procedure 62(d), which governs these motions, reads as follows: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond," except in actions involving an injunction or for an accounting in a patent infringement case. Fed. R. Civ. P. 62(d). Local Rule 62.1, governing appeal bonds, states: "A supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise."

The Court finds no good reason to deviate from the formula set forth in the Local Rules, and hereby determines that the amount of a supersedeas bond Intelec is required to post for a stay is 110% of the judgement. Here, 110% of the current value of the condominium unit is appropriate. The United States has submitted evidence indicating that the most recent tax appraisal values the unit at $655,280. As a result, Intelec would be required to post a $720,808 supersedeas bond to obtain a stay.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Intelec's Motion to Determine Amount of Supersedeas Bond (DE 69), is **GRANTED IN PART AND DENIED IN PART** as follows: The amount of a supersedeas bond Intelec is required to post for a stay is 110% of the most recent tax appraisal value of the condominium, namely, $720,808..

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record