UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61669-CIV-MARRA/JOHNSON

UNITED STATES OF AMERICA,

     Plaintiff,

v.

WILLIAM L. DORNBROCK, *et al.*,

     Defendants.

_____/

## ORDER AND OPINION

THIS CAUSE is before the Court on Plaintiff United States' Motion for Determination that Substitution is Not Required Under Rule 25, or, in the Alternative, to Substitute Dennis Dornbrock for William L. Dornbrock (DE 76), filed November 7, 2008.  The Court has carefully considered the motion, the entire record, and is otherwise fully advised in the premises.

On August 29, 2007, the Court entered Final Judgment against William Dornbrock, and in favor of the United States, in the amount of $1,206,570.43, plus interest and statutory additions, based on an April 28, 2000 agreed Decision entered by the United States Tax Court. See DE 23.  The Court held a trial on November 19, 2007 to determine whether Dornbrock was the true owner of the real property upon which the United States sought to foreclose. See DE 47. At the conclusion of the trial, the Court entered Findings of Fact and Conclusions of Law, finding that the United States met its burden of proving that Dornbrock is the true and sole beneficial owner of the condominium unit at issue. Id.  The Court ordered foreclosure of the

condominium unit and ordered the United States to sell the property to satisfy Dornbrock's tax

liabilities as reflected in the Final Judgment. Id.  On August 13, 2008, the Court entered an Order

of Sale, ordering the federal tax liens foreclosed against the property, ordering the property in its

entirety sold, and setting forth the manner in which it will be sold. (DE 67).

Subsequently, on August 18, 2008, Defendants' attorney filed a Suggestion of Death

regarding Dornbrock (DE 68).  Then, on October 29, 2008, Defendant Intelec, in its reply brief

on the supersedeas bond issue[1], made the following assertion:

> Finally, the court should be aware that a Suggestion of Death of William
> Dornbrock, whom the United States contends now owns the condominium, was
> filed on August 18, 2008 (D, 68) following this court's January 17, 2008
> judgment (D, 47).  Pursuant to Fed. R. Civ. P. 25, it is unclear how the
> Government intends to proceed with a sale of a condominium presently judicially
> declared to be owned by William Dornbrock, who "must be dismissed" on
> November 17, 2008 unless a substitution occurs by that date.  See 26 U.S.C. §
> 7203 and § 7403. If the Government moves for such a substitution, as a practical
> matter the auction will be delayed by at least several months more.  Intelec has
> given notice to the Government of this dilemma pursuant to the correspondence
> attached hereto as Exhibit "A", to which no response has been made.

DE 74 at 2-3 (footnote omitted).

Now, the United States moves the Court to enter an order finding that substitution of a

representative for William Dornbrock is not required or, in the alternative, to substitute his son,

Dennis Dornbrock. (DE 76).

The Court finds that substitution of William Dornbrock's son, Dennis Dornbrock, is not

appropriate here.  The Court does not know the identity of William Dornbrock's heirs, whether

an estate has been opened, or whether a personal representative has been appointed.  Further, the

---

[1] Defendant William L. Dornbrock is not a party to Defendant Intelec's appeal to the
Eleventh Circuit of the Order of Sale (DE 67, 70).

Court declines to appoint Dennis Dornbrock because it does not appear that Dennis Dornbrock

has any interest in this matter.

Moreover, a Rule 25 substitution is not required in this case.  The language of Rule

25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution
> of the proper party. A motion for substitution may be made by any party or by the
> decedent's successor or representative. If the motion is not made within 90 days
> after service of a statement noting the death, the action by or against the decedent
> must be dismissed.

Rule 25's "driving purpose is to ensure that all those having a legal interest in the pending suit are

aware of the party's death and are alerted to act to preserve their respective rights." Schmidt v.

Merrill Lynch Trust Co., Slip Copy, 2008 WL 2694891, *2 (M.D. Fla. 2008).  The rule

presupposes that the deceased party has a pending claim that survives his death which needs to be

adjudicated. This is not the case here.  Final judgment has been entered against Dornbrock, see

DE 23, 47, and the Court has entered the Order of Sale, directing that the federal tax liens be

foreclosed against the property, directing that the property in its entirety sold, and setting forth

the manner in which it will be sold. (DE 67).  Dornbrock has not appealed the judgment or order

of sale and thus he has no claim that remains to be adjudicated.  Accordingly, it is

**ORDERED AND ADJUDGED** that United States' Motion for Determination that

Substitution is Not Required Under Rule 25, or, in the Alternative, to Substitute Dennis

Dornbrock for William L. Dornbrock (DE 76) is **GRANTED IN PART AND DENIED IN**

**PART** as follows:  The Court determines that substitution of a representative for Defendant

William Dornbrock is not required at this time.  In the unlikely event that excess proceeds remain

after the judgment is satisfied, the proceeds shall be held for the benefit of either Dornbrock's

estate or heirs, who will then have the opportunity to intervene and lay claim to it.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 16th day of November, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record

4